### EICHOFF *v.* STATE OF INDIANA.

[No. 13,706. Filed May 10, 1929. Rehearing denied August 1, 1929.]

*William D. Hardy,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Bernard A. Keltner,* Deputy Attorney-General, for the State.

ENLOE, C. J.—The appellant was tried upon an indictment in one count charging him with the unlawful possession of intoxicating liquor. The cause was tried by the court, and, from a finding of guilty and the judgment rendered thereon, this appeal is prosecuted, the error assigned being the action of the court in overruling appellant's motion for a new trial, under which the matters hereinafter considered are presented.

It appears from the record that, on December 13, 1926, the officers, acting under the authority of a search warrant, searched the premises of the appellant and found thereon a considerable quantity of alcohol and wine. Later, the indictment above mentioned was returned by the grand jury of said county, and, upon capias issued, the appellant was arrested and held to answer said charge, the arrest being made on December 21, 1926.

When brought to trial upon said charge, on March 8, 1927, and during the hearing of the evidence upon the merits, the appellant, by objection thereto, and by motion to exclude, sought to exclude certain testimony of certain witnesses, and also the introduction in evidence of certain exhibits (liquor seized by the officers in said raid and testimony of the officers as to what they found and saw while making said search), which objections and motions were by the court overruled, the said evidence heard, and said exhibits admitted in evidence. These rulings are the only matters presented on this appeal.

In the case of *Hantz* v. *State* (1929), 166 N. E. (Ind. App.) 439, this court, in an opinion by McMahan, P. J., in speaking of the search and seizure therein complained of, said: "There is nothing in the record to show that the appellants were not fully advised of the facts long prior to the trial, and no reason is given for not filing a motion before trial to suppress the evidence ascertained by that search. We hold that the question as to the legality of the search was not timely made and that the court did not err in the admission of the evidence of which complaint is made."

So, in this case, there is an entire absence of any showing that the appellant was not fully cognizant of all the facts pertaining to said search and seizure before going to trial upon the merits of the case, and, upon the authority of the Hantz case, *supra*, we hold that the said objection was not timely made and that the trial court did not err in the matters of which complaint is made.

Affirmed.